**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>NOUHAD B. BECHARA and<br>MONA M. BECHARA,<br><br>　　　　　　　　**Debtors**<br><br>DONALD R. LASSMAN,<br>Chapter 7 Trustee,<br><br>　　　　　　　　**Plaintiff**<br><br>v.<br><br>ROBERT DeVOE, Individually and as<br>Trustee of the R&M REALTY TRUST,<br><br>　　　　　　　　**Defendants** | **Chapter 7**<br>**Case No. 18-13601-FJB**<br><br><br><br><br>**Adversary Proceeding**<br>**No. 18-1192** |

**MEMORANDUM OF DECISION**

**I.     Overview**

In this adversary proceeding, the Chapter 7 Trustee Donald Lassman (the "Trustee") of the estate of Nouhad and Mona Bechara (the "Debtors") seeks damages from Robert DeVoe, both individually and as the Trustee of the R&M Realty Trust (the "Defendants"). The trial in this case was held on February 9, 10 and 11, 2021. Following the close of evidence, the Defendants each filed a motion for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c), made applicable by Fed. R. Bankr. P. 7052 (the "52(c) motions"). The complaint in this case alleges that the Defendants are liable to the estate for breach of contract, the business tort of interference in advantageous relations, and violation of Mass. Gen. Laws ch. 93A (unfair

or deceptive acts or practices in commerce.) By the time the trial ended, the Trustee reduced his claims to the interference tort and ch. 93A violation. Moreover, although the complaint was entirely premised on the Trustee's allegation that the Defendants interfered with the Debtors' right under a commercial lease to assign the lease, at the end of the trial the Trustee stated that his case, as tried, was for interference with the Debtors' efforts to sell their convenience store business, which sale required a new lease between prospective buyers and the Defendants. The Trustee has sought to amend his pleadings to reflect this change. The Trustee seeks a second amendment of the pleadings to include a count for unjust enrichment that was not in his original complaint. The Trustee relies on Fed. R. Civ. P. 15(b) arguing that the court should allow an amendment to the complaint to reflect the case that was actually tried. The Defendants object, arguing that they never consented to the amendment of the pleadings and would be unduly prejudiced by such an amendment. The Trustee has conceded that unless the court allows the requested amendment, judgment should enter for the Defendants. Given the gravity of the request, after the trial, the court requested briefs on the issue of the amendment of the complaint either during or after the trial.

II.     **Rule 15(b) and the Arguments of the Parties**

Federal Rule of Civil Procedure 15(b), which is applicable to this proceeding by virtue of Fed. R. Bankr. P. 7015, addresses amendments of the pleadings during and after trial:

> Rule 15(b)(1). Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

>  Rule 15(b)(2). For Issues Tried by Consent.  When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

When the parties submitted their briefs, it became apparent to the court that they were like "ships passing in the night."  The Trustee argues that the Defendants consented to the amendment of the complaint to address interference with the Debtors' right to sell the business by refusing to agree to a new lease.  The Defendants argue that they certainly did not consent and that they would be prejudiced by the requested amendment.  More important, because the Trustee has not plainly stated whether he is relying on Rule 15(b)(1) or (2), I must infer from his post trial brief that he is relying on Rule 15(b)(2).  Indeed, his brief does not address prejudice to the Defendants.

**III.    Analysis**

As noted, there are two procedures under which the court can allow an amendment to the pleadings during or after the trial.  First, if a party seeks to offer evidence at the trial that is not raised in the pleadings and the opposing party objects, the court should allow the amendment unless it would unduly prejudice the opposing party.  Second, when an issue not raised in the pleadings is actually tried, whether objected to or not, the court may allow the amendment upon a finding that the opposing party either actually or impliedly consented to the amendment.  In either case, the court must ensure that the due process rights of the opposing party are protected.  The party seeking the amendment must demonstrate that it clearly indicated that it was trying a theory outside the pleadings.

In his opening statement, the Trustee clarified that he was no longer relying on the Defendants' refusal to allow an assignment of the lease because he conceded that no assignment was ever requested. In fact, for that reason, he agreed to dismiss his breach of contract claim. While the Trustee was not clear in his opening statement that he was instead relying on the Defendants' alleged refusal to offer a new lease as the operative fact in support of his interference tort and statutory claims, Defendants' counsel were clear in their opening statements that they were planning to prove that the Debtors required the Defendants to offer a new lease to a prospective buyer. In fact, that was an important feature of their defense. Defendants stressed that they were never legally required to offer a new lease to any prospective tenant, certainly not on the same terms as the lease to the Debtors. Logically then, the Defendants were not caught unprepared to address the issue of the new lease. Finally, I also note that more than a year before trial, Trustee's counsel stated at a pretrial conference that the Trustee was relying on a refusal to permit an "assignment or a new lease" as his theory. Therefore, I find that the Defendants impliedly consented to the Trustee's amendment to the pleadings to include interference with the Debtors' efforts to sell their convenience store business under Rule 15(b)(2). I note that it is by far best practice for a plaintiff to move for an amendment of the complaint in advance of the trial rather than argue, as here, that the court should deem the pleadings amended after the trial. But the philosophy underlying modern pleading practice is to have disputes adjudicated on their merits, not on a formalistic and narrow reading of the pleadings. In making this ruling, I am guided by those principles.

As to the Trustee's request that the complaint be amended to include a count for unjust enrichment, that request is denied. His theory appears to be that the Defendants, who now

4

operate a convenience store at the location in question, are unfairly benefiting from that operation. Unlike the issue described above, there was never a sufficient mention of an unjust enrichment theory in the complaint, the pretrial memorandum, the pretrial proceedings, or the Trustee's opening statement. Moreover, no evidence was adduced on whether in fact the Defendants have even benefited from their operation of the store, so the Defendants would be entitled to a judgment on that count even if it were deemed to have been tried.

Based on the foregoing, I conclude that the pleadings must be conformed to the evidence presented at trial that the Trustee's theory that the Defendants refusal to grant a new lease as evidence of a business tort or state statutory claim was tried by consent of the parties and the pleadings are so amended. The request to treat the complaint as amended to include a count for unjust enrichment is, however, denied.

**IV.     The Rule 52(c) Motions**

As noted, each of the parties have sought entry of a judgment on partial findings in their favor under Fed. R. Civ. P. 52(c). Of course, this case has been fully tried at this point, which calls into question the utility of such a finding. In any event, those motions are moot as to Counts I and II, because the Trustee is no longer pursuing those counts against either Defendant. As to Counts III and IV, the Defendants largely rely on the argument that the Trustee has misconstrued the Debtors' negotiations with potential buyers as negotiations for an assignment of the existing lease rather than a new lease. In light of the allowed amendment, the Trustee no longer relies on the argument that the Defendants are liable for refusing to approve an assignment of the lease, and thus, those arguments must fail.

Mr. DeVoe, individually, has made additional arguments in support of his Rule 52(c) motion. He argues that Count III, the business tort, fails because he did not have a business relationship with the Debtors as an individual. This argument misunderstands the elements of the claim. A claim for interference with advantageous relations does not require the existence of an advantageous relationship between the plaintiff and defendant, but rather interference in a relationship the plaintiff has with third parties, in this case prospective purchasers of the convenience store business. *See Draghetti v. Chmielewski*, 416 Mass. 808, 816 (1994). Mr. DeVoe, again individually, argues that Count IV, the ch. 93A claim, fails for similar reasons. He argues that he was not in a business relationship with the Debtors as an individual, so he could not have been engaged in a commercial transaction with them. Therefore, he contends he was entitled to receive a demand letter prior to an action being commenced against him. *See* Mass. Gen. L. ch. 93A § 9(3). If anything was established at trial, it was that this case involves a commercial, not a consumer, transaction between the Debtors and the Defendants. The Trustee argues in his opposition to the Rule 52(c) motions that Mr. DeVoe is subject to personal liability for his actions as trustee of R&M Realty Trust, citing Restatement (Second) of Trusts, § 264. As Mr. DeVoe has only had minimal opportunity to respond to the Trustee on this issue, I will not make a final determination at this time as to his personal liability. Indeed, Rule 52(c) does not require me to do so.

The remainder of R&M Realty Trust's arguments that the Trustee has failed to prove Counts III and IV require a full review of the facts in the record. In fact, its remaining arguments are simply conclusory statements that, based on all the facts in this case, the court should find in the Defendants' favor. I need not make such a determination at this stage.

For the reasons stated, the Rule 52(c) motions are hereby denied. The parties are directed to file proposed findings of fact and conclusions of law with specific reference to the record, including transcripts and admitted exhibits, on or before April 19, 2021 at 4:30 PM.

Date: March 19, 2021

_____
Frank J. Bailey
United States Bankruptcy Judge